

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Senada Ibeljic**
Petra Kocica 42
Brčko 76120
Bosnia and Herzegovina
Plaintiff,

v.

**UNITED STATES OF AMERICA;**
**FEDERAL BUREAU OF INVESTIGATION;**
**DEPARTMENT OF HOMELAND SECURITY;**
**TRANSPORTATION SECURITY ADMINISTRATION;**
**NATIONAL SECURITY AGENCY;**
**JOHN DOES 1–50,**
Defendants.

Case: 1:26–cv–00520 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 2/11/2026
Description: Pro Se Gen. Civ. (F–DECK)

## COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF
## (Fifth Amendment Due Process, Privacy Act, APA)

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. § 1331**, the **United States Constitution, 5 U.S.C. §§ 552a and 702–706**, and **28 U.S.C. §§ 2201–2202.**
2. Venue is proper in the **District of Columbia** under **28 U.S.C. § 1391(e)** because Defendants are federal agencies headquartered in this district and because the policies, databases, and records at issue are maintained and administered here.

## II. PARTIES

1. Plaintiff **Senada Ibeljic** is a civilian individual residing at Petra Kocica 42, Brčko 76120, Bosnia and Herzegovina.
2. Defendant **United States of America** is responsible for the acts and omissions of its agencies, officers, employees, and contractors.
3. Defendant **Federal Bureau of Investigation (FBI)** conducts domestic intelligence and investigative activities and maintains records affecting civilian liberties.

**RECEIVED**
FEB 11 2026
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia


4. Defendant **Department of Homeland Security (DHS)** oversees national security databases, watchlisting systems, and inter-agency information sharing.

5. Defendant **Transportation Security Administration (TSA)** administers screening programs and enforces watchlist-based determinations impacting freedom of movement.

6. Defendant **National Security Agency (NSA)** collects, retains, analyzes, and disseminates intelligence and participates in inter-agency data sharing that affects watchlisting and security determinations.

7. **John Doe Defendants 1–50** are unknown federal officers, agents, or contractors who authorized, implemented, or maintained the actions described herein.

## III. INTRODUCTION

1. This action challenges Defendants' **secret placement of Plaintiff in government databases, watchlists, and/or investigative programs and the maintenance of records concerning Plaintiff for more than twenty (20) years**, without notice, explanation, or due process.

2. Defendants' actions deprived Plaintiff of **liberty, livelihood, privacy, reputation, freedom of movement, and family life**, in violation of the **Fifth Amendment Due Process Clause** and the **Privacy Act of 1974**.

3. Plaintiff has **never been charged, indicted, or convicted** of terrorism or related criminal activity.

## IV. FACTUAL ALLEGATIONS

1. Beginning more than twenty years ago and continuing to the present, Defendants maintained records and data concerning Plaintiff that were used to make adverse determinations affecting her rights and opportunities.

2. Plaintiff was **never notified** of any watchlist placement, investigative designation, or adverse security determination.

3. Plaintiff was **never provided access** to review, challenge, or correct records maintained about her.

4. Defendants **refused to confirm, deny, or explain** the existence, scope, or accuracy of records concerning Plaintiff.

5. Upon information and belief, Defendants **shared Plaintiff's information across agencies and databases**, including those maintained by the FBI, DHS, TSA, and NSA.

6. Defendants' actions were **arbitrary, secretive, and lacking any meaningful procedural safeguards**.

7. As a direct result, Plaintiff suffered:

- Loss of employment and professional opportunities
- Reputational harm
- Interference with travel and freedom of movement
- Emotional distress
- Severe disruption to family life over decades

## V. CAUSES OF ACTION

## COUNT I
### Fifth Amendment – Due Process (Bivens)

1. Defendants deprived Plaintiff of protected liberty and property interests **without notice, hearing, or opportunity to be heard**, in violation of the **Fifth Amendment**.
2. The prolonged secret investigation and reliance on undisclosed records constitute **punishment without due process of law.**

## COUNT II
### Administrative Procedure Act
### (5 U.S.C. § 706)

1. Defendants engaged in **final agency actions** that were **arbitrary, capricious, an abuse of discretion, and not in accordance with law.**
2. Defendants failed to follow required procedures and exceeded statutory authority.

## COUNT III
### Privacy Act Violations
### (5 U.S.C. § 552a)

1. Defendants are "agencies" within the meaning of the Privacy Act.
2. Defendants **maintained records** concerning Plaintiff that were used to make determinations adversely affecting her rights and opportunities.
3. Defendants **denied Plaintiff access** to those records and the ability to contest or correct them, in violation of **5 U.S.C. § 552a(d)**.
4. Defendants **maintained inaccurate, incomplete, irrelevant, and untimely records**, in violation of **5 U.S.C. § 552a(e)(5)**.
5. Defendants **unlawfully disseminated Plaintiff's records** among agencies without consent or statutory authorization, in violation of **5 U.S.C. § 552a(b)**.
6. Defendants **failed to establish adequate safeguards** to protect Plaintiff's data, in violation of **5 U.S.C. § 552a(e)(10)**.
7. These violations were **intentional and willful.**

8. Plaintiff suffered **actual damages**, including economic loss, reputational harm, emotional distress, and long-term interference with family life.

## COUNT IV
## Declaratory Relief
## (28 U.S.C. § 2201)

1. An actual controversy exists regarding the legality of Defendants' conduct.
2. Plaintiff seeks a declaration that Defendants violated the Constitution and federal law.

## COUNT V
## Injunctive Relief

1. Plaintiff seeks injunctive relief ordering Defendants to:
   a. Remove Plaintiff from all watchlists, databases, and investigative designations
   b. Disclose all records and systems containing Plaintiff's information
   c. Correct, expunge, or destroy unlawful records
   d. Cease further investigation absent lawful process

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Declare Defendants' actions unconstitutional and unlawful;

B. Order full disclosure of all records, databases, and inter-agency communications concerning Plaintiff;

C. Order Plaintiff's removal from all watchlists and investigative systems;

D. Enjoin Defendants from continuing unlawful monitoring or recordkeeping;

E. **Award compensatory damages in the amount of $1,000,000,000 (ONE BILLION UNITED STATES DOLLARS)** for loss of liberty, livelihood, privacy, reputation, emotional distress, and destruction of family life over more than twenty years;

F. Award **Privacy Act damages** pursuant to **5 U.S.C. § 552a(g)** for intentional and willful violations;

G. Award punitive damages sufficient to deter future constitutional and privacy violations;

H. Award costs and any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,
Senada Ibeljic

Petra Kocica 42
Brčko 76120
Bosnia and Herzegovina
*Pro Se*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Senada Ibeljic**
Petra Kocica 42
Brčko 76120
Bosnia and Herzegovina
Plaintiff,

v.

**UNITED STATES OF AMERICA;**
**FEDERAL BUREAU OF INVESTIGATION;**
**DEPARTMENT OF HOMELAND SECURITY;**
**TRANSPORTATION SECURITY ADMINISTRATION;**
**NATIONAL SECURITY AGENCY;**
**JOHN DOES 1–50,**
Defendants.

**COMPLAINT FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF**
**(Fifth Amendment Due Process, Privacy Act, APA)**

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction under **28 U.S.C. § 1331**, the **United States Constitution, 5 U.S.C. §§ 552a and 702–706**, and **28 U.S.C. §§ 2201–2202.**

2. Venue is proper in the **District of Columbia** under **28 U.S.C. § 1391(e)** because Defendants are federal agencies headquartered in this district and because the policies, databases, and records at issue are maintained and administered here.

## II. PARTIES

1. Plaintiff **Senada Ibeljic** is a civilian individual residing at Petra Kocica 42, Brčko 76120, Bosnia and Herzegovina.

2. Defendant **United States of America** is responsible for the acts and omissions of its agencies, officers, employees, and contractors.

3. Defendant **Federal Bureau of Investigation (FBI)** conducts domestic intelligence and investigative activities and maintains records affecting civilian liberties.

4. Defendant **Department of Homeland Security (DHS)** oversees national

security databases, watchlisting systems, and inter-agency information sharing.

5. Defendant **Transportation Security Administration (TSA)** administers screening programs and enforces watchlist-based determinations impacting freedom of movement.

6. Defendant **National Security Agency (NSA)** collects, retains, analyzes, and disseminates intelligence and participates in inter-agency data sharing that affects watchlisting and security determinations.

7. **John Doe Defendants 1–50** are unknown federal officers, agents, or contractors who authorized, implemented, or maintained the actions described herein.

## III. INTRODUCTION

1. This action challenges Defendants' **secret placement of Plaintiff in government databases, watchlists, and/or investigative programs and the maintenance of records concerning Plaintiff for more than twenty (20) years**, without notice, explanation, or due process.

2. Defendants' actions deprived Plaintiff of **liberty, livelihood, privacy, reputation, freedom of movement, and family life**, in violation of the **Fifth Amendment Due Process Clause** and the **Privacy Act of 1974**.

3. Plaintiff has **never been charged, indicted, or convicted** of terrorism or related criminal activity.

## IV. FACTUAL ALLEGATIONS

1. Beginning more than twenty years ago and continuing to the present, Defendants maintained records and data concerning Plaintiff that were used to make adverse determinations affecting her rights and opportunities.

2. Plaintiff was **never notified** of any watchlist placement, investigative designation, or adverse security determination.

3. Plaintiff was **never provided access** to review, challenge, or correct records maintained about her.

4. Defendants **refused to confirm, deny, or explain** the existence, scope, or accuracy of records concerning Plaintiff.

5. Upon information and belief, Defendants **shared Plaintiff's information across agencies and databases**, including those maintained by the FBI, DHS, TSA, and NSA.

6. Defendants' actions were **arbitrary, secretive, and lacking any meaningful procedural safeguards**.

7. As a direct result, Plaintiff suffered:

- Loss of employment and professional opportunities

- Reputational harm
- Interference with travel and freedom of movement
- Emotional distress
- Severe disruption to family life over decades

## V. CAUSES OF ACTION

### COUNT I
### Fifth Amendment – Due Process (Bivens)

1. Defendants deprived Plaintiff of protected liberty and property interests **without notice, hearing, or opportunity to be heard**, in violation of the **Fifth Amendment**.
2. The prolonged secret investigation and reliance on undisclosed records constitute **punishment without due process of law**.

### COUNT II
### Administrative Procedure Act
### (5 U.S.C. § 706)

1. Defendants engaged in **final agency actions** that were **arbitrary, capricious, an abuse of discretion, and not in accordance with law**.
2. Defendants failed to follow required procedures and exceeded statutory authority.

### COUNT III
### Privacy Act Violations
### (5 U.S.C. § 552a)

1. Defendants are "agencies" within the meaning of the Privacy Act.
2. Defendants **maintained records** concerning Plaintiff that were used to make determinations adversely affecting her rights and opportunities.
3. Defendants **denied Plaintiff access** to those records and the ability to contest or correct them, in violation of **5 U.S.C. § 552a(d)**.
4. Defendants **maintained inaccurate, incomplete, irrelevant, and untimely records**, in violation of **5 U.S.C. § 552a(e)(5)**.
5. Defendants **unlawfully disseminated Plaintiff's records** among agencies without consent or statutory authorization, in violation of **5 U.S.C. § 552a(b)**.
6. Defendants **failed to establish adequate safeguards** to protect Plaintiff's data, in violation of **5 U.S.C. § 552a(e)(10)**.
7. These violations were **intentional and willful**.
8. Plaintiff suffered **actual damages**, including economic loss, reputational harm, emotional distress, and long-term interference with family life.

## COUNT IV
## Declaratory Relief
## (28 U.S.C. § 2201)

1. An actual controversy exists regarding the legality of Defendants' conduct.
2. Plaintiff seeks a declaration that Defendants violated the Constitution and federal law.

## COUNT V
## Injunctive Relief

1. Plaintiff seeks injunctive relief ordering Defendants to:
   a. Remove Plaintiff from all watchlists, databases, and investigative designations
   b. Disclose all records and systems containing Plaintiff's information
   c. Correct, expunge, or destroy unlawful records
   d. Cease further investigation absent lawful process

## VI. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

A. Declare Defendants' actions unconstitutional and unlawful;

B. Order full disclosure of all records, databases, and inter-agency communications concerning Plaintiff;

C. Order Plaintiff's removal from all watchlists and investigative systems;

D. Enjoin Defendants from continuing unlawful monitoring or recordkeeping;

E. **Award compensatory damages in the amount of $1,000,000,000 (ONE BILLION UNITED STATES DOLLARS)** for loss of liberty, livelihood, privacy, reputation, emotional distress, and destruction of family life over more than twenty years;

F. Award **Privacy Act damages** pursuant to **5 U.S.C. § 552a(g)** for intentional and willful violations;

G. Award punitive damages sufficient to deter future constitutional and privacy violations;

H. Award costs and any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Respectfully submitted,**
**Senada Ibeljic**
Petra Kocica 42
Brčko 76120

Bosnia and Herzegovina
*Pro Se*